# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COLORADO CAPITAL INVESTMENTS, INC., a corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:06-cv-00377-JEO |
| LAURIE M. ZEANAH, an individual, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the court on two motions to dismiss filed by the plaintiff, Colorado Capital Investments, Inc. (hereinafter "the plaintiff" or "Colorado Capital"). (Doc. 4 & 5). Also before the court is the motion of defendant Laurie M. Zeanah (hereinafter "the defendant" or "Zeanah") to strike the attachments and facts alleged in the plaintiff's motion to dismiss her counterclaims and to strike the affidavit of Jeff Hardin that is offered in support of the plaintiff's motion. (Doc. 6 &7). The motions have been fully briefed by the parties. Upon consideration, the court finds that the motions to dismiss are due to be granted and the motions to strike are moot.

## BACKGROUND

On May 6, 2004, the defendant Laurie M. Zeanah received a discharge of her debts in the United States Bankruptcy Court for the Northern District of Alabama. (Ex. D).[1] Sometime thereafter, Colorado Capital attempted to collect a debt that was discharged by the May 6, 2004 order. The parties dispute whether Colorado Capital had notice of the discharge. In its attempt

---

[1] The exhibits are located at document 1 in the file.

to collect the debt, Colorado Capital commenced a legal action against Zeanah in the District Court of Jefferson County, Alabama. Zeanah consented to a judgment in District Court and then filed an appeal along with a counterclaim in the Jefferson County Circuit Court. Colorado Capital then removed the case to this court and filed both of its motions to dismiss.

In her counterclaim, Zeanah alleges a violation of the Fair Debt Collection Practices Act (hereinafter "the FDCPA"); invasion of privacy; defamation; intentional infliction of emotional distress; and, intentional wrongful conduct. (Ex. D). It is those claims that are presently before the court in the plaintiff's second motion to dismiss. (Doc. 5).

In the first motion to dismiss, Colorado Capital seeks an order of this court dismissing its original claims against the defendant. In its motion, Colorado Capital concedes that the debt it sought to recover from the defendant was discharged in bankruptcy, thereby warranting dismissal of its original claims against Zeanah. That motion (doc. 4) is due to be granted under the circumstances.

As just mentioned, the second motion is the defendant's motion to dismiss Zeanah's counterclaims against it. (Doc. 5). Colorado Capital argues that Zeanah's claims are due to be dismissed because the claims made in her counterclaim "fail to state a claim on which relief can be granted" and because Zeanah's sole remedy is to file a motion with the United States Bankruptcy Court for the Northern District of Alabama seeking to enforce the court's discharge order and asking the court to hold Colorado Capital in contempt of that order. (*Id*. at 1).

## DISCUSSION

### Subject Matter Jurisdiction

The parties dispute whether Zeanah's counterclaims are properly before this court or

whether they should be before the bankruptcy court.  Colorado Capital urges that Zeanah's sole remedy is to file an application with the bankruptcy court for enforcement of the discharge order, while Zeanah maintains that her claims are outside the discharge, and thus, properly before this court.  Regardless, Colorado Capital insists that the bankruptcy court is the best place for the action to be heard because the bankruptcy court is better equipped to determine the issues as they all arise from the bankruptcy.

> The United States District Court for the District of Rhode Island has found that:
>
> Pursuant to 28 U.S.C. § 1334, the [District] Court has jurisdiction over all civil proceedings arising under, arising in or related to cases under Title 11.  28 U.S.C. § 1334(b); *Bessette* [*v. Avco Financial Serv., Inc.*], 240 B.R. [147,] at 152-53 [(D.R.I. 1999)].  Federal District Courts have original, but not exclusive, jurisdiction over bankruptcy cases.  28 U.S.C. § 1334(b).  Jurisdiction is shared with the bankruptcy court, an arm of the district court, although the bankruptcy court can only hear cases that derive from the federal district court's bankruptcy jurisdiction.  *Id.*; 28 U.S.C. § 157.  Although cases are often referred to the bankruptcy court for resolution, the district court may withdraw its reference to the bankruptcy court and hear the case itself.  28 U.S.C. § 157(d).

*Bessette v. AVCO Financial Services, Inc.*, 279 B.R. 442, 448 (Bankr. D.R.I. 2002).  This court agrees with this reasoning and finds that Zeanah has cited nothing that precludes this court from hearing this matter.  In fact, the matter lies within the discretion of the court.  Accordingly, the undersigned declines to transfer this case to the bankruptcy court at this time and instead retains jurisdiction over the matter.

### Zeanah's Counterclaims

Zeanah's counterclaims are due to be dismissed for two distinct reasons.  The court will address both separately.

**FDCPA Claim**

In her counterclaims, Zeanah alleges in conclusory fashion that Colorado Capital "violated the [FDCPA] and these violations damaged [her]." (Ex. D, Count One at ¶ 2). The FDCPA serves to "eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). As used in the FDCPA, the term "debt collector" is defined as follows:

> . . . any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .  The term does not include –
>
> (A) any officer or employee of a creditor while in the name of the creditor, collecting debts for such creditor . . .

15 U.S.C. § 1692a(6)(A). Zeanah makes no assertion whatsoever that Colorado Capital is a "debt collector" as that term is defined in the statute. To the contrary, for all that is before the court, it appears that Colorado Capital is a creditor entity that would be specifically excluded. For this reason alone, Zeanah has failed to state a claim based on the FDCPA for which relief may be granted.

Even if Zeanah had alleged that Colorado Capital was a "debt collector," the court still would have found that her counterclaims, as pled, failed to state a claim for which relief could be granted. The FDCPA provides as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

4

>   (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
>   (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
>   (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
>   (4) The advertisement for sale of any debt to coerce payment of the debt.
>
>   (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
>   (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.  Additionally, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[2]  15 U.S.C. § 1692e.  Because Zeanah has failed to make any allegations that Colorado Capital, even if it were a "debt collector," engaged in any harassing, oppressive, or abusive behavior[3] or that Colorado Capital used any false, deceptive, or misleading representations in its attempt to collect the debt, the plaintiff has failed to state a claim under the FDCPA.  Therefore, Zeanah's FDCPA claims

---

[2] 15 U.S.C. § 1692e lists a number of representative "false, deceptive, or misleading representations" that would violate the FDCPA.

[3] The extent of Zeanah's allegations are that she was served with the lawsuit while wrapping Christmas gifts on December 23, 2005. (Ex. D at ¶¶ 1-6).  The act of having Zeanah served with a lawsuit close to Christmas does not rise to the level of conduct contemplated by the statute such as using obscene language, causing the phone to ring repeatedly, etc.

are due to be dismissed as pled.[4]

## Preemption

Colorado Capital also argues that there is no private cause of action or state law remedy for an alleged violation of a bankruptcy discharge order. (Doc. 5 at 6) (citing Bankruptcy Code 11 U.S.C. § 524; *Bessette*, 240 B.R. 147). Zeanah concedes that § 524 contains no express private right of action (doc. 8 at 4),[5] but argues as follows:

> . . . . The courts are divided over what power the court has, if any, over a discharge violation. Is there explicit authority or is it simply the inherent contempt powers? If it is contempt powers, is there a right to impose punitive damages? Is there a right to a jury trial?
>
> Respectfully, Colorado Capital violated numerous laws and it does not get the right to dictate what causes of action Zeanah will pursue. The FDCPA is a strict liability law.[ ] As Colorado Capital argues (whether correctly or not), Section 524 must show willfulness.[ ] But in the FDCPA, the burden of proof to show why it is not liable is on the debt collector . . . other differences could be analyzed but these are sufficient to remind all that Zeanah is master of her claims, not the alleged wrongdoer. *See, e.g., In re Faust*, 270 B.R. 310 (Bkrtcy. M.D. Ga. 1998) (allowing for discharge violations against creditor and FDCPA against debt

---

[4]Zeanah argues that *In re Faust*, 270 B.R. 310 (Bkrtcy. M.D. Ga. 1998), supports her contention that her counterclaims are not preempted by the Bankruptcy Code. However, in *Faust*, the creditor turned the discharged debt over to a collection company who attempted to collect the debt. The plaintiff asserted that the collection company violated the FDCPA. Noting that "[t]he thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices," the Bankruptcy Court for the Middle District of Georgia found that the collection company violated § 1692e of the FDCPA by making false or misleading statements implying that the federal and state governments endorsed its services. *See In re Faust*, 270 B.R. at 318-19 (citing *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982)). As stated above, Zeanah has made no such allegations. Additionally, preemption of the FDCPA claim was not an issue in that matter.

[5]Section 524(a) provides in pertinent part as follows:

Effect of discharge

    (a) A discharge in a case under this title-

    . . . .

        (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

11 U.S.C.A. § 524(a)(2).

collector).

(Doc. 8 at 4-5). At oral argument on the motions, Zeanah relied heavily on *Gunter v. Columbus Check Cashiers, Inc.*, 334 B.R. 900 (D. Ohio 2005), for the proposition that § 524 of the bankruptcy code does not preclude claims under the FDCPA even though both statutes deal with the same subject. Noting that there is a split between the Seventh and Ninth Circuits on the issue, the *Gunter* court concluded that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other so as to repeal the FDCPA by implication. *Gunter*, 334 B.R. at 905.

The Sixth Circuit Court of Appeals has held that "there is no private right of action for breaches of § 524; instead, 'the traditional remedy for a violation of an injunction lies in contempt proceedings. . . .'" *Kanipe v. First Tenn. Bank* (*In re Kanipe*), 293 B.R. 750, 755 (E.D. Tenn. 2002) (quoting *Pertuso v. Ford Motor Credit Company*, 233 F.3d 417, 421 (6th Cir. 2000)). Likewise, the Ninth Circuit has held that FDCPA claims based on a violation of § 524 are appropriately remedied by a contempt proceeding based on the discharge violation because:

> [t]he Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the backdoor what Walls cannot accomplish through the front door - - a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. "[A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration* [*Ltd. v. Meridian Oil, Inc.*], 74 F.3d [901] at 914 [9th Cir. 1996](state law malicious prosecution claim based on bankruptcy filings preempted). Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy

> nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code. *See Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S. Ct. 2431, 41 L. Ed. 2d 374 (1974).

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2001).

Having already concluded that Zeanah has failed to establish a claim under the FDCPA regardless of whether such a claim would be preempted by the Bankruptcy Code, the court nevertheless finds the reasoning in the above-cited cases instructive on the preemption of FDCPA claims generally for violation of the discharge injunction.

Zeanah has not offered any authority to establish that she may bring state law claims against Colorado Capital for violations of the discharge injunction. Instead, the only cases she offers deal with claims arising under the FDCPA. Absent authority to the contrary, the court is unwilling to allow a private action for state law claims for purported § 524 violations by implication. Zeanah has not alleged any claims that can not appropriately be remedied under § 524. As such, the court finds that Zeanah's claims are due to be dismissed without prejudice. Should Zeanah desire, she is free to pursue "the traditional remedy for a violation of [a] [discharge] injunction . . . with contempt proceedings. . . ." *See Kanipe*, 293 B.R. at 755. Accordingly, Zeanah's counterclaims against Colorado Capital are due to be dismissed in their entirety.

## Motion to Strike

Zeanah also moves the court to strike the attachments and facts offered in support of the plaintiff's motion to dismiss Zeanah' counterclaims and the affidavit of Jeff Hardin. (Doc. 6 & 7). Because the court has not considered the attachments and factual averments in support of the motion to dismiss, the motions to strike are moot.

## CONCLUSION

Premised on the foregoing, the motions to dismiss filed by the plaintiff, Colorado Capital Investments, Inc. (doc. 4 & 5) are due to be granted.  Additionally, the motions of defendant Zeanah to strike the attachments and facts alleged in the plaintiff's motion to dismiss her counterclaims and to strike the affidavit in support of the motion (doc. 6 & 7) are moot.  An appropriate order will be entered contemporaneously herewith.

**DONE**, this the 29th day of September, 2006.

_____
**JOHN E. OTT**
United States Magistrate Judge